## THE TRADESMENS BANK OF THE CITY OF NEW YORK v. DAVID D. FAIRCHILD.

### THE SAME v. JOSEPH E. ALLEN.

Where a younger execution creditor claims to have money in court, applied to the payment of his execution in preference to older ones, on the ground of fraud in the older judgments, and the question involves disputed and material facts, properly triable by a jury, the court, if a proper case is presented, will direct an issue to try the charge of fraud.

On application to have money in court paid to a junior execution creditor.

The opinion of the court was delivered by

VAN DYKE, J.   On the 19th day of December, 1861, David D. Fairchild obtained a judgment by confession against Isaac L. Hunt, for the sum of $584.74, and on the next day executions were delivered to the sheriffs of the counties of Middlesex and Essex.

On the 20th day of the same December, Joseph E. Allen also obtained a judgment against the said Isaac L. Hunt, by confession, for the sum of $4392.59, and on the 23d of that month, an execution thereon was delivered to the sheriff of Essex, and on the 24th an execution was delivered to the sheriff of the county of Middlesex.

On the 7th of January, 1863, a little more than two years afterwards, The Tradesmens Bank of the city of New York also obtained a judgment against the said Isaac L. Hunt, along with George M. Chapman and Julia Ann Chapman, for the sum of $9382.29, and on the 26th day of the said January an execution thereon was delivered to the sheriff of the county of Middlesex.

By virtue of these several executions in his hands, the sheriff of Middlesex, on the 30th day of March, 1863, sold the interest of the said Isaac L. Hunt in certain personal property for the sum of $1160.   At the term to which this last named execution was returned, The Tradesmens Bank obtained a rule to show cause why the money thus raised should not be appropriated to the claim of the said bank, instead of to the two prior judgments; the sheriff having been previously notified to pay the said money into the court.   Several reasons have been urged in behalf of this application.

It is insisted that the judgment of Joseph E. Allen should be set aside as fraudulent and void, because the affidavit, made by the plaintiff at the time of the confession of the judgment, is insufficient.   The affidavit in this case might have been more specific and particular, but I do not find anything in it that is necessarily fraudulent or wrong.

Again: it is insisted that the said Tradesmens Bank should have the money raised by the sale aforesaid, because, at the

time when the executions of Fairchild and Allen were delivered to the sheriff, he was instructed by the attorney, after making the levies, to leave the personal property in the possession of the defendant in the executions, and not to sell the same until he had received further instructions to do so, which instructions he never received. This point was decided in the Court of Errors in the case of *Thatcher* ads. *Dean*, 3 *Vroom* 470, at the last term of that court, when it was held that the plaintiff in execution did not lose his priority by just such a state of things.

And it is further insisted that both these judgments, the one of Fairchild and the one of Allen, are fraudulent and void, for the reason that there was nothing due from the defendant to the plaintiffs at the time of the confessions, or, if anything, but very little, and for and against this allegation a large amount of evidence, and a large number of exhibits on the one side and on the other, have been laid before us. Much of this evidence is very complicated, being connected with and growing out of disputes and difficulties and angry feelings, resulting from the business relations existing between some of the parties, who were engaged in manufacturing and merchandising. The evidence, too, is extremely conflicting, and contradictory, and uncertain; much of it being well calculated to awaken the apprehension that all is not right about the judgments, but not enough to enable us to say so with any certain assurance of being correct.

Now, while the right and power and duty of the court to inquire into and settle, as among several judgment creditors, which shall have the prior right to the money raised by virtue of these executions, cannot be questioned, yet I think that such investigations by the court should be limited to cases where all the material facts are either admitted, or are of such a nature as that they can be readily reduced to something like certainty. In all *such* cases the questions become questions of law or of equity for the court to decide. But where there is a general allegation of fraud in the judgment, where there is nothing certain or admitted, and where every-

thing that is averred or proved on the one side is denied and contradicted on the other, and where the court is called on to investigate huge masses of testimony, to weigh the evidence, to draw inferences, and to credit and discredit the witnesses that have been sworn, with a view to ascertain whether there is any fraud in fact in the obtaining of the judgment, or to determine how much, if anything, was due on such judgment, or from the one party to the other at the time of its entry—I do not think that the court, in such cases, can rightly be required to determine such questions in this summary way.   But when the court is satisfied that there is evidence enough of fraud to justify a jury, in the exercise of its legitimate powers, to find that there was nothing due between the parties, or a much less sum than that for which the judgment was confessed, and that it was so confessed to protect the defendant's property from his other creditors, it should order an issue to be made, if desired, to be tried by a jury to determine the questions of fraud, and how much, if anything, is due from the defendant to the plaintiff.   Such has been the conclusion of this court in several cases.   1 *Harr.* 138.*   And while I purposely avoid expressing any opinion as to the merits or demerits of the present application, as presented in the evidence now before us, on the questions of fraud, I think there is enough in it to justify a reference of it to a jury upon a proper issue to be made, if the applicant desires it, when a more perfect and satisfactory examination of the facts may be had.